UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **Josie Rogers**, | § § § | |
| Plaintiff, | § § | Case No. |
| v. | § § § | |
| **First Credit Services, Inc.**, | § § | Complaint and Demand for Jury Trial |
| Defendant. | § § § | |

## COMPLAINT

**Josie Rogers** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **First Credit Services, Inc.** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

4.      Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Houston, Texas 77090.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 377 Hoes Lane, Piscataway, New Jersey 08854.

8.      Defendant contracts with clients to contact persons who owe debts to those clients via telephone, the U.S. Mail, and/or the Internet in an attempt to solicit or encourage those persons to remit monies to Defendant or its clients in satisfaction of those debts.

9.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11.     Plaintiff has a cellular telephone number.

12.     Plaintiff has only used this phone number as a cellular telephone.

13.     Beginning in or before October 2016 and continuing through in or around June 2017, Defendant repeatedly called Plaintiff on her cellular telephone to collect on a debt.

14.     Plaintiff knew that Defendant was calling because the representatives on the line stated the company's name.

15.     During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

16.     Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay before being connected with Defendant's live representatives.

17. In or around October 2016, when the calls first began, Plaintiff told Defendant that she did not wish to be contacted.

18. Once Defendant was informed that its calls were unwanted, and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

19. Once Defendant was aware Plaintiff would not confirm her personal information, and that she wanted it to stop calling, the only purpose further calls could serve would be to harass Plaintiff.

20. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff multiple times per week through to June of 2017.

21. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

24. Defendant initiated repeated calls to Plaintiff's cellular telephone.

25. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

26. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

3

27. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

28. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

29. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

30. When Defendant called Plaintiff from around October 2016 through around June 2017, it knew no later than Plaintiff's instruction to stop calling in October 2016 that it did not have prior express consent to call Plaintiff.

31. When Defendant called Plaintiff from around October 2016 through around June 2017, it knew it was placing calls to a cellular telephone.

32. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

33. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **Josie Rogers**, respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    e.    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Josie Rogers**, demands a jury trial in this case.

Respectfully submitted,

Dated: 1/25/19

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-600-2112
Email: aginsburg@creditlaw.com